Per curiam.
The underwriters are bound to know every cause ■ which may occasion natural perils ; and also to take notice of all political dangers. 1 Esp. Dig. 72. Park, 195. The insured gave notice of the loss of the brig to the underwriters, as- soon as they heard of the disaster, and abandoned to them; and they have a right to recover for a total loss. Esp. Dig. 80, 83. The only question in this case, therefore, is, whether the cause of capture and condemnation was lawful, and such as discharges the-underwriters. It is urged that the decree is conclusive, that the brig John had violated the blockade of Cadiz.; but this does not appear by the decree itself. The libel, it is true, charges an attempt to enter that port; but the sentence seems^to proceed on the ground on an intention on the part of the master of violating the prohibition to enter the place, and that unless he had been restrained by the captors he would have attempted to enter.' The intention, however, can be no just ground of condemnation, unless it be manifested by some actual, overt-attempt, to carry the intention into effect; and this is, in fact,-negatived by the decree itself. The grounds of condemnation, as they appear -on the face of the decree, containing the sentence of the vice-admiralty court, are, therefore, insufficient; and the sentence is not warranted by the premises, but is altogether unjust, and in violation of the law of nations. It cannot then be conclusive on the parties in this case. Esp. Dig. 145. Park, 363, 415. 8 T. T. 434.
*154 Looking to the evidence, the injustice and illegality of the decree are still more palpable. The very existence of an actual blockade is diputable ; but it is perfectly clear, that the master of the brig knew nothing of a blockade until he was boarded : and it is equally clear, that he made no attempt to enter the port, after notice, although that was his destination. In fact, it was physically impossible for him to make any such attempt, for he and his vessel were detained by his, captors, from the moment when they were first boarded; and no opportunity was ever afforded to make an attempt to enter the port of Cadiz, or any other port. It is true, that he expressed an intention, if he were set at liberty, to enter that port; but even if he were not trepanned into this declaration, by the idea being held out to him, that he might go where he pleased, this declaration did not warrant the condemnation. Giving it the worst meaning, it amounts to. nothing. It was not an attempt to enter the port; and it would have been time enough to capture, when he had made the attempt. The 18th article of the treaty with Great Britain exposes to seizure and condemnation, vessels which persist in the attempt to enter a blockaded port, after being warned off. Here there was no such attempt; and persisting in the intention to enter, without any attempt to execute the intention, is not one-of the cases specified in the treaty.
Without looking to the evidence, however, on this point, the sentence of condemnation is, on the face of the proceedings, unwarrantable and unjust; and the insurers are liable.
Motion for a new trial discharged.